LAW OFFICES OF BRANDON A. BLOCK
A PROFESSIONAL CORPORATION
BRANDON A. BLOCK (Cal. Bar No. 215888)
brandon@bblocklaw.com
433 North Camden Drive, Suite 600
Beverly Hills, CA 90210
Telephone: 310.887.1440
Facsimile:  310.496.1420

Attorneys for Plaintiff
CLINTON WALKER ZALEK, on behalf of himself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON WALKER ZALEK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PLATE RECON, LLC dba PLATE LOCATE, a Texas limited liability company; and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 8:20-cv-940<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION LAWS, THE COLLATERAL RECOVERY ACT AND CALIFORNIA'S UNFAIR COMPETITION LAW**<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Clinton Walker Zalek complains and alleges, on behalf of himself and all others similarly situated, against defendants Plate Recon, LLC dba Plate Locate and Does 1 through 10, inclusive, as follows:

**Jurisdiction and Venue**

1.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692(k), and supplemental jurisdiction of the state law claims alleged herein pursuant to 28 U.S.C. § 1367.

CLASS ACTION COMPLAINT

2.      Venue is proper in the Central District because a substantial part of the events or omissions giving rise to plaintiff's claims occurred in this District, and defendants are subject to personal jurisdiction in this District.

**Parties**

3.      Plaintiff is a natural person over 18 years old residing in Laguna Beach, California.

4.      Defendant Plate Locate is a Texas limited liability company with its principal place of business in Spring, Texas. At all times relevant, Plate Locate has been a repossession agency within the meaning of California Business & Professions Code § 7500.2, in that it has engaged in business or accepted employment to locate or recover collateral in California, for consideration. At all times relevant, Plate Locate has been prohibited from such activities pursuant to California Business & Professions Code § 7502, because it is not licensed as a repossession agency in California. Plate Locate does regular and continuous business in California, but it is not registered with the California Secretary of State.

5.      Plaintiff does not know the true names, identities, and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues those defendants by fictitious names. Plaintiff will amend this Complaint to allege the true names, identities and capacities of defendants sued herein as Does 1 through 10, inclusive, when plaintiff discovers such information.

6.      At all times mentioned herein, defendants were agents and/or employees of each other and were acting within the course and scope of such agency or employment. Defendants are jointly and severally liable to plaintiff.

**Operative Facts**

7.      Plaintiff obtained a "title" loan from TitleMax of California, Inc. dba TitleMax for personal, family or household purposes. The loan is secured by plaintiff's 2016 Hyundai Veloster.

2

CLASS ACTION COMPLAINT

8.      TitleMax hired defendant Plate Locate, as an independent contractor, to repossess plaintiff's vehicle in California. Plate Locate was not, and is not, a licensed repossession agency in California. Plate Locate, in turn, hired nonparty Lenders Recovery Service, a California repossession agency, as its agent to conduct the physical taking of plaintiff's vehicle at the location and in accordance with the instructions provided by Plate Locate. TitleMax had no dealings with Lenders Recovery Service. The entire repossession process was controlled by Plate Locate.

9.      On or about March 10, 2020, Plate Locate, with the assistance of Lenders Recovery Service, repossessed plaintiff's vehicle in California. Lenders Recovery Service took possession of the vehicle, at Plate Locate's permission and instructions. After the repossession, plaintiff paid $2,200 to TitleMax to reinstate his contract and get his vehicle back. TitleMax paid $350 of the $2,200 received from plaintiff to Plate Locate, for its repossession fee. Plate Locate remitted a portion of the money it received from TitleMax to Lenders Recovery Service. Plate Locate retained as profit the remainder of the repossession fee it received from TitleMax, which it was not permitted to do as an unlicensed repossession agency operating in California.

10.     Plate Locate's unlicensed and unlawful conduct with respect to plaintiff is only one example of its past and continuing unlicensed repossession activity in California. Plate Locate has orchestrated, managed and profited, and continues to orchestrate, manage and profit, from the repossession of hundreds, if not thousands, of vehicles in California every year, without ever obtaining a California repossession license. Plaintiff thus brings this case as a class action to recover damages, and restitution and/or disgorgement of all the unlawful gains which Plate Locate and the Doe defendants acquired through their unfair competition in California. Plaintiff also brings this case in his capacity as a private attorney general, to obtain a public injunction enjoining Plate Locate and the Doe defendants from engaging in any

CLASS ACTION COMPLAINT

repossession agency activities, including locating or repossessing vehicles, in California, unless and until defendants obtain a repossession agency license.

### Class Allegations

11.    Pursuant to applicable law, plaintiff brings this action on behalf of a class of all other persons similarly situated. Plaintiff also brings this action in a representative capacity as a private attorney general to remedy defendants' ongoing unlawful, unfair and fraudulent business practices alleged herein, and to seek redress on behalf of all those persons who have been affected thereby.

12.    In the last four years, Plate Locate and the Doe defendants have engaged in a pattern and practice of acting as a repossession agency in connection with California motor vehicles serving as security, without having obtained a California repossession agency license. Defendants have engaged in business and systematically accepted employment to locate and/or recover collateral in California, pursuant to written agreements with secured creditors under security agreements. In connection with their employment, defendants have, among other things, located collateral in California (through skip-tracing and other means), and defendants have hired local repossession agencies as their agents to recover collateral on defendants' behalf at the location(s) provided by defendants. Defendants have engaged in these activities for consideration, and such consideration is an illegal profit which must be disgorged.

13.    The proposed class ("Class") consists of all persons (1) whose vehicle served as collateral under a security agreement entered into primarily for personal, family, or household purposes; and (2) whose vehicle was repossessed in California by Plate Locate and/or any person or entity hired by Plate Locate to participate in the repossession, in the four years preceding the filing of this action.

14.    Plaintiff is unable to state the precise number of potential members of the proposed class because that information is in the possession of defendants. They are so numerous that joinder of all members would be impracticable. The exact size

1    of the proposed Class, and the identity of the members thereof, will be readily

2    ascertainable from the business records of defendants.

3         15.    There is a community of interest among the members of the proposed

4    Class in that there are questions of law and fact common to them that predominate

5    over questions affecting only individual members. These questions include whether

6    defendants were acting as a repossession agency within the meaning of the Collateral

7    Recovery Act in connection with Class members' vehicles, without the required

8    license. Proof of a common set of facts will establish the liability of defendants, and

9    the right of each Class member to recover.

10         16.    Plaintiff's claims are typical of those of the Class, and he will fairly and

11    adequately represent the interests of the Class.

12         17.    Plaintiff is represented by counsel both competent and experienced in

13    consumer protection and class action litigation.

14         18.    A class action is superior to other methods for the fair and efficient

15    adjudication of this controversy. Because the damages suffered by the individual

16    Class members may be relatively small compared to the expense and burden of

17    litigation, it would be impracticable and economically unfeasible for Class members

18    to seek redress individually. The prosecution of separate actions by the individual

19    Class members, even if possible, would create a risk of inconsistent or varying

20    adjudications with respect to individual Class members against defendants, and

21    would establish incompatible standards of conduct for defendants.

22         19.    Notice will be provided to absent Class members who can be identified

23    with reasonable effort by the best notice that is practicable under the circumstances.

24         20.    All members of the Class are citizens of California. Defendants do

25    regular and continuous business in California.

26         21.    The claims asserted by plaintiff will be governed by the laws of the

27    State of California, and the injuries to the members of the Class resulting from

28    defendants' conduct were incurred in California.

**First Claim for Relief**

**(By Plaintiff, On Behalf of Himself and The Class, Against All Defendants for Violations of The Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA"))**

22.  Plaintiff realleges and incorporates herein by reference each and every paragraph set forth above.

23.  Plaintiff and the Class members are "consumers" who allegedly owed a "debt," and defendants are "debt collectors," as those terms are defined at 15 U.S.C. § 1692a. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the enforcement of security interests.

24.  Defendants violated 15 U.S.C. § 1692f(6)(A) by taking nonjudicial action to effect dispossession or disablement of property when (1) there was no present right to possession of the property claimed as collateral through an enforceable security interest; and/or (2) the property was exempt by law from such dispossession or disablement. Defendants had no present right to take any action to repossess plaintiff's or other Class members' vehicles, including by hiring local licensed repossessors, because they are unlicensed repossession agencies. Cal. Bus. & Prof. Code §§ 7500.2, 7502.

25.  Plaintiff and the Class members have been injured by defendants' unlawful conduct.

26.  Plaintiff and the Class members are entitled to recover their actual damages in an amount according to proof, pursuant to 15 U.S.C. § 1692k(a)(1).

27.  Plaintiff and the Class members are entitled to recover statutory damages of $500,000 or 1% of defendants' net worth, whichever is less, pursuant to 15 U.S.C. § 1692k(a)(2)(B). Defendants have frequently and persistently failed to comply with the FDCPA, and defendants have violated the FDCPA intentionally. The nature of defendants' violations justifies the maximum statutory damages award

1    available.

2        28.    Plaintiff and the Class members are entitled to treble damages against

3    defendants pursuant to California Code of Civil Procedure § 1029.8.

4        29.    Plaintiff is entitled to recover his attorney's fees and costs in this action,

5    pursuant to 15 U.S.C. § 1692k(a)(3) and California Code of Civil Procedure

6    § 1029.8.

7        WHEREFORE, plaintiff, on behalf of himself and the Class, prays for relief,

8    as set forth below.

9                          **<u>Second Claim for Relief</u>**

10   **(By Plaintiff, On Behalf of Himself and The Class, Against All Defendants for**

11   **Violations of The Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code**

12   **§§ 1788, <u>et</u> <u>seq.</u> ("Rosenthal Act"))**

13       30.    Plaintiff realleges and incorporates herein by reference each and every

14   paragraph set forth above.

15       31.    Plaintiff and the Class are "debtors" within the meaning of California

16   Civil Code § 1788.2(h) in that they are natural persons from whom defendants

17   sought to collect a "consumer debt" alleged to be due and owing by reason of a

18   consumer credit transaction. "Debt" is defined under the Rosenthal Act to mean

19   "money, property or their equivalent which is due or owing or alleged to be due or

20   owing from a natural person to another person." <u>Id.</u>, § 1788.2(d).

21       32.    Defendants at all times relevant herein were "debt collectors" within the

22   meaning of California Civil Code § 1788.2(c), in that they regularly and in the

23   ordinary course of business, on behalf of themselves or others, engage in acts and

24   practices in connection with the collection of money or property which is due or

25   alleged be due or owing by reason of a consumer credit transaction.

26       33.    Defendants violated California Civil Code § 1788.10(a) by using

27   criminal means to cause harm to the property of plaintiff and the Class members.

28

1  Unlicensed repossession activity is a crime in California. Cal. Bus. & Prof. Code
2  § 7502.1(a).

3       34.    California Civil Code § 1788.17 provides that debt collectors subject to
4  the Rosenthal Act collecting or attempting to collect a consumer debt must comply
5  with the provisions of 15 U.S.C. §§ 1692b to 1692j, inclusive, of the FDCPA.
6  Section 1788.17 further provides that debt collectors subject to the Rosenthal Act are
7  subject to the remedies in § 1692k of the FDCPA.

8       35.    Defendants violated 15 U.S.C. § 1692f(6) by using unfair or
9  unconscionable means to collect or attempt to collect any debt. By violating the
10  provisions of 15 U.S.C. § 1692f(6)(A), defendants violated the Rosenthal Act, at
11  California Civil Code § 1788.17, and plaintiff and the Class members are entitled to
12  the remedies set forth in 15 U.S.C. § 1692k.

13       36.    Defendants violated 15 U.S.C. § 1692f(6)(A) by taking nonjudicial
14  action to effect dispossession or disablement of property when (1) there was no
15  present right to possession of the property claimed as collateral through an
16  enforceable security interest; and/or (2) the property was exempt by law from such
17  dispossession or disablement. Defendants had no present right to take any action to
18  repossess plaintiff's or other Class members' vehicles, including by hiring local
19  licensed repossessors, because they are unlicensed repossession agencies. Bus. &
20  Prof. Code §§ 7500.2, 7502. By violating the provisions of 15 U.S.C. § 1692f(6)(A),
21  defendants violated the Rosenthal Act, at California Civil Code § 1788.17, and
22  plaintiff and the Class members are entitled to the remedies set forth in 15 U.S.C.
23  § 1692k.

24       37.    Plaintiff and the Class members have been injured by defendants'
25  unlawful conduct.

26       38.    Plaintiff and the Class members are entitled to recover their actual
27  damages in an amount according to proof, pursuant to California Civil Code
28

§ 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(1), or in the alternative, California Civil Code § 1788.30(a).

39.    Plaintiff and the Class members are entitled to recover statutory damages of $500,000 or 1% of defendants' net worth, whichever is less, pursuant to California Civil Code § 1788.17 and 15 U.S.C. § 1692k. Defendants have frequently and persistently failed to comply with the Rosenthal Act, and have violated the Rosenthal Act intentionally. The nature of defendants' violations justifies the maximum statutory damages award available.

40.    Plaintiff and the Class members are entitled to treble damages against defendants pursuant to California Code of Civil Procedure § 1029.8.

41.    Plaintiff is entitled to recover his reasonable attorney's fees and costs in this action, pursuant to California Civil Code § 1788.17, incorporating by reference 15 U.S.C. § 1692k(a)(3), or in the alternative, California Civil Code § 1788.30(c), and California Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff, on behalf of himself and the Class, prays for relief, as set forth below.

### Third Claim for Relief

**(By Plaintiff, On Behalf of Himself and The General Public, Against All Defendants for Violations of The Collateral Recovery Act, Cal. Bus. & Prof. Code §§ 7500, et seq. ("CRA"))**

42.    Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

43.    Defendants are repossession agencies within the meaning of California Business & Professions Code § 7500.2, in that they engage in business and/or accept employment to locate or recover collateral, for consideration. They are prohibited from these activities pursuant to California Business & Professions Code § 7502 because they are not licensed as repossession agencies in California.

CLASS ACTION COMPLAINT

44.     California Business & Professions Code § 7502.6(a) provides that any member of the general public may bring an action against an unlicensed repossessor to obtain a public injunction or other appropriate order restraining the unlicensed conduct, and to recover civil fines of $10,000. Plaintiff seeks such civil fines of $10,000 against defendants, as well as a public injunction restraining defendants from further violations of the CRA.

45.     Plaintiff and the Class members have been injured by defendants' unlawful conduct.

46.     Plaintiff is entitled to recover his attorney's fees and costs in this action, pursuant to California Code of Civil Procedure § 1029.8.

WHEREFORE, plaintiff, on behalf of himself and the general public, prays for relief as set forth below.

## Fourth Claim for Relief

**(By Plaintiff, On Behalf of Himself, The General Public and The Class, Against All Defendants for Violations of California's Unfair Competition Law)**

47.     Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

48.     California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), defines unfair competition to include any unlawful, unfair, or fraudulent business act or practice. The UCL provides that a court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

49.     Beginning on an exact date unknown to plaintiff, but at all times relevant herein and during the four years preceding the filing of the complaint in this action, defendants have committed acts of unfair competition proscribed by the UCL, including the practices alleged herein.

50.     Defendants' business acts and practices as alleged herein constitute unlawful business practices in that, for the reasons set forth above, said acts and

1   practices violate the Rosenthal Act, the FDCPA at 15 U.S.C. § 1692(f)(6), and the

2   CRA.

3       51.   Defendants' business acts and practices as alleged herein constitute

4   unfair business practices in that said acts and practices offend public policy and are

5   substantially injurious to consumers. Said acts and practices have no utility that

6   outweighs their substantial harm to consumers.

7       52.   Defendants' business acts and practices as alleged herein constitute

8   fraudulent business practices in that said acts and practices are likely to deceive the

9   public and affected consumers as to their legal rights and obligations, and by use of

10  such deception, may preclude consumers from exercising legal rights to which they

11  are entitled.

12      53.   The unlawful, unfair and fraudulent business acts and practices of

13  defendants described herein present a continuing threat to plaintiff, members of the

14  general public and members of the class in that defendants are currently engaging in

15  such acts and practices, and will persist and continue to do so unless and until a

16  public injunction is issued by this Court. Plaintiff is entitled to such a public

17  injunction as a private attorney general, without any necessity of class certification.

18      54.   As a direct and proximate result of defendants' business acts and

19  practices alleged herein, defendants have received and collected substantial monies

20  or property from plaintiff and members of the Class to which they have no

21  entitlement.

22      55.   Plaintiff has suffered injury in fact and has lost money or property as a

23  result of the unlawful, defendants' unfair and fraudulent acts and practices, including

24  losing possession of his vehicle, and paying repossession, storage, and other fees.

25      56.   Pursuant to Business and Professions Code § 17203, plaintiff seeks a

26  public injunction enjoining defendants from engaging in such acts and practices as

27  hereinabove alleged, and an order providing appropriate restitution, and

28  disgorgement of illicit profits, to plaintiff and members of the Class.

57.     Pursuant to Code of Civil Procedure § 1021.5, plaintiff seeks recovery of his attorney's fees, costs and expenses incurred in the filing and prosecution of this action.

WHEREFORE, plaintiff, on behalf of himself, the general public and the Class, prays for relief as set forth below.

**<u>Prayer for Relief</u>**

WHEREFORE, plaintiff, on behalf of himself, the general public and the Class, prays for the following relief:

1.      For an order certifying this case as a class action;

2.      For actual damages;

3.      For treble damages;

4.      For statutory damages;

5.      For civil penalties;

6.      For punitive damages;

7.      For an order finding and declaring that defendants' acts and practices as challenged herein are unlawful, unfair and fraudulent;

8.      For a public injunction preliminarily and permanently enjoining defendants from engaging in the practices challenged herein;

9.      For an order of restitution and/or disgorgement in an amount to be determined at trial;

10.     For pre-judgment interest to the extent permitted by law;

11.     For an award of his attorney's fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

12.     For such other and further relief as the Court may deem just and proper.

///
///
///

CLASS ACTION COMPLAINT

1

## **Demand for Jury Trial**

2      Plaintiff hereby demands a trial by jury under the United States Constitution.

3    Dated: May 21, 2020                    Respectfully submitted,

4                                           LAW OFFICES OF BRANDON A. BLOCK
                                            A PROFESSIONAL CORPORATION
5

6                                           By: /s/ Brandon A. Block
                                                 Brandon A. Block
7
                                            Attorneys for Plaintiff
8                                           CLINTON WALKER ZALEK, on behalf of
                                            himself and all others similarly situated
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28